UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR ROSA,
    Plaintiff,

v.                                                  Case No. 3:24-CV-1724(OAW)

NOEL GONZALEZ,
    Defendant.

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**

**I.    Background**

On October 28, 2024, self-represented Plaintiff Victor Rosa filed a civil rights complaint against Noel Gonzalez, a New Britain Walgreens manager, for taking a video recording of the plaintiff in a Walgreens store without his consent. *See* ECF No. 1. Simultaneously, Plaintiff petitioned the court to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. *See* ECF No. 2. For the reasons stated below, the motion to proceed in forma pauperis is **DENIED.**

**II.    Discussion**

The Prison Litigation Reform Act ("PLRA") amended the statute governing proceedings filed in forma pauperis. In relevant part, Section 804(d) of the PLRA amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

In sum, the statute contains a "three-strikes" rule that bars plaintiffs from proceeding in forma pauperis if they have a history of filing frivolous or malicious lawsuits.  *See Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).  There is an exception to this rule, however, for plaintiffs who allege imminent danger of serious physical harm.  *See id.* at 298.  For a plaintiff to qualify for the "imminent danger" exception and proceed without prepayment of the filing fee, two requirements must be met; they must show that: (1) such imminent danger of serious physical injury is fairly traceable to unlawful conduct alleged in the complaint, and (2) a favorable judicial outcome would redress the injury.  *See id*. at 296–97.  In addition, the danger of imminent harm must be present at the time the complaint is filed.  *See id.* at 296.

Here, the first question is whether the three-strikes rule applies to Mr. Rosa.  Upon review of previous cases he has initiated, the court finds that at least three were dismissed on grounds cited in 28 U.S.C. § 1915(g).  On February 4, 2019, a judge in this district dismissed a case filed by Plaintiff for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  *See Rosa v. Alexander*, 3:18cv1694 (JCH) (Ruling, ECF No. 24; Judgment, ECF No. 25).  On August 14, 2020, a different judge in this district dismissed another case filed by Plaintiff for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).  *See Rosa v. Moore*, 3:20cv1100 (MPS) (Order, ECF No. 10).  Finally, on June 7, 2024, a third judge in this district found that an action brought by Plaintiff must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).  *See Rosa v. Maldenado*, 3:23cv01678 (KAD) (Order, ECF No. 22).  The three-strikes rule therefore applies to Mr. Rosa.

Because the three-strikes provision applies, Plaintiff may not bring the present action without prepayment of the filing fee absent allegations of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the complaint, Plaintiff alleges that on July 27, 2024, Defendant unlawfully "audio record[ed] [Plaintiff] without [his] consent" when Plaintiff was shoplifting in Walgreens. ECF No. 1 at 8. However, Plaintiff does not allege any facts that suggest he was in any danger, let alone imminent danger of serious physical harm, at the time he filed this action. *See id.* at 5–8. The imminent danger exception therefore does not apply.

### III.     Conclusion

Plaintiff's motion to proceed in forma pauperis, ECF No. 2, is **DENIED.** If Plaintiff seeks to proceed with this case, he must submit the filing fee within the allotted time.

Accordingly, all further proceedings in the matter shall be held in abeyance for **twenty (20) days** pending Plaintiff's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut, 06604. Failure to tender the filing fee within thirty days of this order will result in dismissal of this action.

**IT IS SO ORDERED** at Hartford, Connecticut, this 4th day of November, 2024.

/s/
Omar A. Williams
United States District Judge